# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **QUIANAH SEARS,** | )<br>) Case No.<br>) |
| Plaintiff, | )<br>) |
| v. | ) **CLASS ACTION COMPLAINT AND**<br>) **JURY TRIAL DEMANDED** |
| **CORECIVIC OF TENNESSEE, LLC,** | )<br>)<br>) |
| Defendant. | )<br>) |

For this Class Action Complaint, Plaintiff Quianah Sears, states and alleges as follows:

## INTRODUCTION

1. This case challenges Defendant CoreCivic of Tennessee, LLC's ("Defendant") long standing policy of failing to properly compensate its non-exempt correctional and detention officers for all hours that they work. Specifically, Defendant required Plaintiff Quianah Sears ("Plaintiff") and others similarly situated to undergo security screenings without pay resulting in overtime violations of New Jersey law.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction over Plaintiff's claims pursuant to the Class Action Fairness Act found in 28 U.S.C. § 1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000

and is a class action in which there are in excess of 100 class members and some of the class members are citizens of a state different than that of Defendant.

3. This Court has personal jurisdiction over Defendant because it has purposefully availed itself of the privileges of conducting activities in the state of New Jersey and established minimum contacts sufficient to confer jurisdiction. Defendant does business in New Jersey, advertises in New Jersey, employs workers in New Jersey, and the violations of the law forming the basis of this lawsuit occurred in New Jersey. Therefore, the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process. Defendant also had and continues to have continuous and systematic contacts with the State of New Jersey, sufficient to establish general jurisdiction over it.

4. Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the acts or omissions giving rise to the claims in this Complaint took place in this district.

## PARTIES

5. Plaintiff is an individual residing in Maplewood, New Jersey. Plaintiff worked for Defendant as a correctional officer during the class period at Defendant's Elizabeth, New Jersey location (Union County).

6. The New Jersey Class is defined as:

> **All current and former correctional officers and detention officers, and all employees in substantially similar positions, paid on an hourly rate basis and who worked in New Jersey for Defendant during at least one week during the 6-year period before the filing of this Complaint through the final disposition of this matter**.

7. Defendant is a foreign limited liability company organized under the laws of Tennessee. Defendant is an employer as defined by the New Jersey Wage and Hour Law, N.J.S.A. 34:1 l-56a *et seq*. and has its principal place of business at 5501 Virginia Way, Suite 110, Brentwood, Tennessee 37027 (Williamson County).

## SPECIFIC ALLEGATIONS

8. Defendant is a company that provides private prison services across the U.S. Defendant operates in New Jersey and has employed thousands of correctional officers and detention officers.

9. At all times relevant to this Complaint, Defendant employed Plaintiffs and other similar situated correctional and detention officers in a non-exempt hourly capacity.

10. Plaintiff worked as an hourly, non-exempt, correctional officer for Defendant in New Jersey until April 2019.

11. During all times relevant to this Complaint, Plaintiffs and other similarly situated correctional and detention officers frequently worked in excess of 40 hours per week.

12. The primary job duty of the correctional officers and detention officers,

3

including Plaintiff, was to manage and oversee the inmate population at the prison centers. The correctional and detention officers, including Plaintiff, were responsible for the custody and discipline of inmates and detainees held at correctional and detention centers operated by Defendant.

13. Among other duties, the correctional and detention officers searched for contraband and provided security, count, feed, and supervised detainees and inmates.

### Defendant Fails to Compensate Correctional and Detention Officers for Completing Security Screenings Before Each Shift

14. Given the nature of the business, Defendant's facilities are secured by locked doors and metal detectors.

15. When the correctional and detention officers, including Plaintiff, arrived at the prison centers, they were required to undergo a security screening.

16. During the security screening, the correctional and detention officers, including Plaintiff, emptied their pockets, emptied their bags, removed their shoes, removed their belts, removed their jackets, removed all metal objects, and submitted any personal items in their possession for inspection.

17. They then walked through a metal detector and underwent a further search if any metal objects were detected. After clearing the metal detector, the correctional and detention officers were able to gather their belongings.

18. The correctional and detention officers then put on their shoes, belts, and jackets.

19. After clearing the metal detector, the correctional and detention officers then had to pass through several security doors.

20. This activity occurred prior to the correctional and detention officers, including Plaintiff, "clocking in" for time recording purposes.

21. This security screening time lasted approximately 10-20 minutes per day and went uncompensated by Defendant.

22. However, this time should have been compensated by Defendant.

23. The security screenings were required by Defendant and Plaintiff and the Class Members were told in advance the time they were required to be at the prison centers.

24. The security screenings were also necessary to the principal work performed by the officers to provide security in the prisons and to search for contraband. The security screenings were also undertaken on Defendant's premises, were controlled and required by Defendant, and undertaken primarily for the benefit of Defendant and Defendant's business.

25. Indeed, Defendant required the correctional and detention officers to undergo this screening for the purposes of overall safety in the prison and to prevent the officers from inadvertently or intentionally bringing contraband into the prison centers.

26. These security screenings prevented weapons and other contraband

from entering the prison, and in doing so, was necessarily tied to the correctional and detention officers' work of providing security and searching for contraband. Thus, the security screening and the work of the correctional and detention officers shared the same purpose. In fact, the screening time was tied to the productive work of supervising and providing security by the officers.

27. Defendant could not have eliminated the screenings altogether without impairing the officers' ability to complete their work. If Defendant forego the security screening, officers could inadvertently or intentionally bring weapons or other contraband into the prison. The introduction of weapons and other contraband into the prison would most certainly result in a less secure prison and would impair the officers' ability to provide security, supervise the inmates/detainees, and search for contraband.

28. Additionally, preventing weapons and other contraband from entering the prison was an essential element of the officers' job duties with the ultimate purpose to maintain a secure prison environment.

29. Plaintiff and the Class Members were non-exempt employees.

30. Plaintiff and the Class Members were paid on an hourly rate basis.

31. When they worked more than 40 hours in a workweek, they were entitled to overtime pay.

32. The pre-shift activities identified above were not incidental activities for

the Plaintiff and Class Members, but instead, this time was integral and indispensable to their principal activity and is compensable.

33. Although Defendant employed electronic "clocking in" technology, this technology was not made accessible to Plaintiff and the Class Members before the security screening.

34. Due to the substantial pre-shift work, Plaintiff and the Class Members were not paid for all time worked each day and are owed significant unpaid wages.

35. Defendant's conduct described herein violated New Jersey law, was willful, and was not based on a good faith and reasonable belief that their conduct complied with the law.

36. Defendant knew the requirement to pay for all time worked, including all hours worked in excess of 40, but intentionally and/or recklessly chose not to do so.

37. Defendant's ongoing illegal policies of failing to pay Plaintiff and Class Members for time worked has resulted in Plaintiff and Class Members being denied substantial legally required compensation and/or overtime payments given that Plaintiff and Class Members routinely worked in excess of 40 hours per week.

38. This action is brought and may properly proceed as a class action, pursuant to R. 4:32 of the Rules Governing the Court of the State of New Jersey.

39. The Class for whose benefit this action is brought is so numerous that

joinder of all members is impracticable.

40. There are questions of law and fact common to all members of the Class that predominate over questions affecting only individuals. These common questions include:

    A. Whether Class Members were paid for time spent going through security screenings;

    B. Whether such unpaid resulted in not being paid 1.5 times their regular rate when they worked over 40 hours per workweek; and,

    C. Whether this conduct violates the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a *et seq*.

41. Plaintiff does not have interests antagonistic to those of the Class Members. Plaintiff's claims are typical of the claims of the Class Members.

42. Plaintiff will fairly and adequately protect the interests of the Class, and has retained competent counsel experienced in this type of matter.

43. Common questions of law and fact predominate over any questions that only affect individual class members.

44. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, and will cause an orderly and expeditious administration of the Class' claims.

45. The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications. Prosecution as a class action will also eliminate the possibility of repetitious litigation.

# COUNT ONE
# VIOLATION OF THE NEW JERSEY MINIMUM WAGE ACT

46. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

47. Defendant's conduct against the Class Members violates the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a *et seq*. by failing to compensate Class Members for all hours worked, and not paying overtime when Class Members worked over 40 hours per week.

48. As a result of Defendants' conduct, the Class Members have endured significant economic damages.

# PRAYER FOR RELIEF

For these reasons, Plaintiff, individually and on behalf of all other Class Members, respectfully prays for:

A. An order certifying this case as a class action under Rule 23;

B. A judgment against Defendant awarding Plaintiff and the Class Members all unpaid wages including overtime compensation, with interest, and liquidated damages as permitted by law;

C. An order awarding attorneys' fees, costs, and expenses with appropriate enhancement;

D. Pre- and post-judgment interest at the highest applicable rates; and

E. All other legally permissible relief that the Court deems appropriate.

## **DEMAND TO PRESERVE EVIDENCE**

**DEMAND IS HEREBY MADE** that Defendant CoreCivic of Tennessee, LLC preserve all physical and electronic information pertaining or relating in any way to: (a) Plaintiff and the Putative Class Members' labor and services performed; (b) their claims under the New Jersey Wage and Hour Law; (c) any and all defenses thereto; and (d) pertaining or relating to any electronic data storage, digital images, computer images, cache memory, searchable data, e-mails, spreadsheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, Myspace, LinkedIn, etc.) and any other information and/or data and/or things and/or documents which may pertain to any claim or defense concerning this Class action Complaint and Jury Trial Demand pleading. Failure to do so may result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

## **JURY DEMAND**

Plaintiff and Class Members hereby demand trial by jury on all issues.

Dated: September 20, 2021  
      East Windsor, NJ

Respectfully submitted,

/s/Ravi Sattiraju  
Ravi Sattiraju (NJ Bar No. 035251998)  
**SATTIRAJU & THARNEY, LLP**  
50 Millstone Road, Building 300, Suite 202  
East Windsor, NJ 08520  
Tel: (609) 469-2110  
Fax: (609) 228-5649  
Email: rsattiraju@s-tlawfirm.com

Hans A. Nilges
Ohio Bar No. 076017
*Will apply for admission Pro Hac Vice*
**NILGES DRAHER, LLC**
7266 Portage Street, N.W. Suite D
Massillon, OH  44646
Tel: (330) 470-4428
Fax: (330) 754-1430
Email: hans@ohlaborlaw.com

Don J. Foty
Texas Bar No. 24050022
*Will apply for admission Pro Hac Vice*
**HODGES & FOTY, LLP**
4409 Montrose Blvd, Suite 200
Houston, TX  77006
Tel: (713) 523-0001
Fax: (713) 523-1116
Email: dfoty@hftrialfirm.com

Anthony J. Lazzaro
Ohio Bar No. 0077962
Lori M. Griffin
Ohio Bar No. 0085241
Alanna Klein Fischer
Ohio Bar No. 0090986
*Will apply for admission Pro Hac Vice*
**THE LAZZARO LAW FIRM, LLC**
34555 Chagrin Boulevard, Suite 250
Moreland Hills, OH  44022
Tel: (216) 696-5000
Fax: (216) 696-7005
Email: anthony@lazzarolawfirm.com
        lori@lazzarolawfirm.com
        alanna@lazzarolawfirm.com

*Attorneys for Plaintiff and Class Members*

## **LOCAL CIVIL RULE 11.2 CERTIFICATION**

I, Ravi Sattiraju, co-counsel for Plaintiff Quianah Sears, on behalf of herself and others similarly situated, certify that the matter in controversy is not the subject of any other action pending in any court nor any pending arbitration or administrative proceeding.

Dated:  September 20, 2021          Respectfully submitted,
       East Windsor, NJ

                                     */s/Ravi Sattiraju*
                                     Ravi Sattiraju (NJ Bar No. 035251998)
                                     **SATTIRAJU & THARNEY, LLP**
                                     50 Millstone Road, Building 300, Suite 202
                                     East Windsor, NJ  08520
                                     Tel: (609) 469-2110
                                     Fax: (609) 228-5649
                                     Email: rsattiraju@s-tlawfirm.com