IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| QUIANAH SEARS, | ) |
| | ) Case No. 2:21-cv-17232 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CORECIVIC OF TENNESSEE, LLC, | ) |
| | ) |
| Defendant. | ) |

### ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Before the Court is the Named Plaintiff's Unopposed Motion for an Order (1) granting final approval to the settlement of claims as set forth in the Settlement Agreement ("Agreement") between the parties in the above-captioned matter; (2) granting approval of payment to the Settlement Administrator; and (3) dismissing the Civil Action with prejudice in accordance with the terms of the Agreement. Also before the Court is Named Plaintiff's unopposed motion for an Order approving Named Plaintiff's application for attorney's fees and costs and approving Named Plaintiff's application for an enhancement payment as provided for in the Agreement.

The Court preliminarily approved the Agreement, a copy of which was attached to the Preliminary Approval Motion, in this action by order entered on January 9, 2024 (the "Preliminary Approval Order"). (ECF No. 43).

On April 25, 2024, the Court conducted a hearing (the "Fairness Hearing") to consider final approval of the Agreement. The Court has considered all matters submitted to it at the Fairness Hearing and otherwise, the pleadings on file, the applicable law, and the record.

For good cause shown, and as more fully explained below, the Motions are **GRANTED.** The Court ORDERS as follows:

1. **Final Certification of the Settlement Class.** The Settlement Class is comprised of

the following:

> All individuals who, at any time during the period between August 6, 2019, and March 5, 2021, were employed by CoreCivic of Tennessee, LLC, as a Correctional Officer, Senior Correctional Officer, Detention Officer, or Senior Detention Officer in the State of New Jersey.

The Court finds that the Settlement Class, as defined in the Agreement, meets the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure. Accordingly, for the purposes of settlement, the Court certifies the Settlement Class.

2. **Class Representatives.** For purposes of settlement, the Court appoints Named Plaintiff Quianah Sears as Class Representative for the Rule 23 Class.

3. **Class Counsel.** For purposes of the settlement, the Court appoints as Class Counsel for the Settlement Class Don J. Foty of the law firm HODGES & FOTY, L.L.P. (4409 Montrose Blvd., Suite 200, Houston, TX 77006), Hans Nilges of the law firm NILGES DRAHER, LLC (7266 Portage Street NW, Suite D, Massillon, OH 44646), and Matthew S. Grimsley of the law firm the LAZZARO LAW FIRM, LLC (34555 Chagrin Boulevard, Moreland Hills, Ohio 44022).

4. **Approval of the Agreement.** The Court approves the Agreement and finds that it is a reasonable compromise of the claims of the Named Plaintiff and the Settlement Class Members, reached by the Parties after the exchange of information and intensive arms-length negotiations with the assistance of experienced counsel.

The Agreement is fair, just, reasonable, and adequate to, and in the best interest of, the Settlement Class Members. It achieves a definite and certain result for the benefit of the Settlement Class Members that is preferable to continuing litigation in which the Settlement Class Members would necessarily confront substantial risk, uncertainty, delay, and cost. The Court also finds that the settlement terms negotiated by the parties and described in their Agreement are a fair and reasonable resolution of a bona fide dispute between the Named Plaintiff, Class Members, and the

2

Defendant.

This Order constitutes final approval of the Agreement. The Agreement is binding on the parties to it and on all Settlement Class Members in accordance with the terms of the Agreement, excepting only those individuals, if any, who effectively excluded themselves from the Settlement Class in accordance with the terms of the Agreement.

5.  **Notice to the Class.** The Court determines that the Notice was given as required by the Preliminary Approval Order. The Court finds that the notice given of the proposed settlement was the best practical notice under the circumstances and provided all Settlement Class Members with fair and adequate notice of the terms of the settlement, the Fairness Hearing, and the opportunity to object to the settlement and/or exclude themselves from the settlement. The Court finds the Notice satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure.

6.  **Attorneys' Fees and Litigation Expenses.** The Court approves Class Counsel's requested fees and expenses award of $200,000.00. The Court finds this fee award is justified. The Court finds that the Attorneys' Fees and Expenses Payment requested in Named Plaintiff's unopposed motion is reasonable and that Class Counsel shall be awarded the requested amount. The Settlement Administrator shall be awarded up to $3,579.09 for its reasonable fees and expenses incurred in the administration of the settlement.

7.  **Enhancement Payment.** The Enhancement Payment to the Named Plaintiff as set forth in the Agreement is approved for her substantial services for the benefit of the settlement class.

8.  **Administering the Settlement of Claims.** The Parties shall administer the settlement as set forth in the Agreement.

9.      **Release of Claims.** As of the date this judgment becomes final (meaning that the time for appeal has expired with no appeal taken, all appeals are resolved and none are left pending, or this judgment is affirmed in all material respects after completion of the appellate process), the Named Plaintiff and Settlement Class Members, are forever barred from bringing or presenting any action or proceeding against any Released Party that involves or asserts any of the Released Claims (as those terms are defined in the Agreement).

10.     **Dismissal with Prejudice.** All claims in the Civil Action are DISMISSED WITH PREJUDICE and, except as provided herein, without costs against Defendant.

11.     **Dispute Resolution.** Without affecting the finality of this judgment, the Court reserves jurisdiction over the implementation, administration, and enforcement of this judgment and the Agreement and all matters ancillary to the same.

12.     **Non-Admission.** This Order and the Agreement are not evidence of, or an admission or concession on the part of, the Released Parties with respect to any claim of any fault, liability, wrongdoing, or damages whatsoever.

13.     **Order for Settlement Purposes.** The findings and rulings in this Order are made for the purposes of settlement only and may not be cited or otherwise used to support the certification of any contested class or subclass in any other action.

14.     **Use of Agreement and Ancillary Terms.** Neither the Agreement nor any ancillary documents, actions, statements, or filings in furtherance of settlement (including matters associated with the mediation) will be admissible or offered into evidence in any action related or similar to this one for the purposes of establishing, supporting or defending against any claims that were raised or could have been raised in this action or are similar to such claims.

**IT IS SO ORDERED.**

Dated:   April 25, 2024              s/ Cathy L. Waldor
                                                   CATHY L. WALDOR
                                                   UNITED STATES DISTRICT COURT
                                                   MAGISTRATE JUDGE